Smith, J.
delivered the opinion of the court.—The petitioner assigns two errors, as cause to entitle him to a reversal of the judgment of the circuit court: 1st. that the case was continued by the circuit court in his absence and without his consent; 2. that he was denied the right of peremptory challenge to the jurors sworn to enquire whether he was the same identical person mentioned in the several records of conviction.
As to the first point it may be remarked, that it is only where a party is ruled into trial improperly, that an error of the court in deciding on a motion for a continuance can be corrected by a superior court. If the error be in continuing the case improperly, the only effect of it is the delay of the case: it is not a discontinuance; nor could it be a good reason for setting aside a judgment at a subsequent term, when a full and fair trial had been given to the prisoner. This objection, therefore, affords no ground for reversal of the judgment.
As to the second point, it will be found that at common law a peremptory challenge is not allowed in any *850 case except upon the plea of not guilty, and no pe- # remptory challenges are ever allowed on the trial of collateral issues. So we find it stated by the elementary writers: see 1 Chilly’s C. L. 535. 3 Bac. Abr. Juries. E. 9. p. 762. The case of The king v. Radcliffe, 1 W. Black. 6. may also be referred to as precisely similar to this case. The prisoner had been convicted of high treason ; and upon a collateral issue, that he was not the same person, a peremptory challenge was insisted upon, which was refused by Lee, C. J. Other cases might be referred to; but it is deemed unnecessary. It seems very clear that there was no error in the decision of the circuit court upon this point.
The writ of error is therefore refused.